

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-22-00282-CV
_____

IN RE KIMBERLY ANN SMITH, RELATOR

ORIGINAL PROCEEDING ON PETITION FOR WRIT OF MANDAMUS

November 17, 2022

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

In this original proceeding, relator Kimberly Ann Smith complains of this Court's affirmance of the trial court's judgment in *Smith v. Dixon*, No. 07-20-00197-CV, 2021 Tex. App. LEXIS 5592 (Tex. App.—Amarillo July 14, 2021, pet. denied) (mem. op.). We will deny her petition for writ of mandamus.

While appellate review is a matter of right, mandamus is an "extraordinary remedy, not issued as a matter of right, but at the discretion of the court." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). It is a means for correcting blatant injustice that will otherwise escape appellate review. *In re Reece*, 341 S.W.3d 360, 374 (Tex. 2011) (orig. proceeding). A relator seeking relief by mandamus has the

burden of establishing the trial court clearly abused its discretion and she has no adequate remedy by appeal. *In re Prudential*, 148 S.W.3d at 135-36. "An appellate remedy is 'adequate' when any benefits to mandamus review are outweighed by the detriments." *Id.* at 136.

In the matter before us, Smith had an adequate remedy by appeal to complain of the trial court's judgment in favor of Andrew G. Dixon and Lauren M. Dixon. Indeed, she appealed that judgment and this Court affirmed it. *See Smith*, 2021 Tex. App. LEXIS 5592, at *7. The Supreme Court denied her petition for review. *See Smith v. Dixon*, No. 21-0892, 2022 Tex. LEXIS 628, at *1 (Tex. 2022). As such, her complaints have been thoroughly reviewed. She is not entitled to mandamus relief now.

Further, Smith brings to our attention no other order or judgment about which she seeks action by this Court through her petition for writ of mandamus. TEX. R. APP. P. 52.3.

We deny Smith's petition for writ of mandamus.


Brian Quinn
Chief Justice

2